TREMAYNE MILLER,

      Plaintiff,

v.                          CASE NO:  8:10-cv-487-T-33EAJ

TAMPA POLICE DEPARTMENT,

      Defendant.

_____/

**ORDER**

This matter is before the Court pursuant to Defendant Tampa Police Department's Motion to Dismiss Plaintiff Tremayne Miller's complaint (Doc. #8) filed May 18, 2010 and Yolanda Martin's Response in Opposition (Doc. #10) filed June 25, 2010.  Tampa Police Department's Motion to Dismiss (the "Motion") seeks dismissal of the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and other law.  For the reasons that follow, the Court will grant the Motion and dismiss without prejudice.  The Court will also enter a separate order referring Mr. Miller to the Federal Bar Association's Pro Bono Civil Litigation Project.

## I. **Factual Background and Procedural History**

Tampa Police Department argues that dismissal is warranted for three reasons: (1) the Tampa Police Department is not an entity subject to suit; (2) the lawsuit was not

filed by Mr. Miller pro se or by an attorney; and (3) the complaint violates Federal Rules of Civil Procedure 8 and 10. (Doc. # 8).  In the Response in Opposition, Ms. Martin alleges that she is Mr. Miller's mother.  (Doc. # 10).  Ms. Martin also alleges that the Tampa Police Department, through one of its officers, shot Mr. Miller such that he has been rendered mentally incompetent.  (Doc. #10).  Ms. Martin alleges that she filed the complaint on Mr. Miller's behalf by way of a power of attorney.  (Doc. #10).

## II. <u>Analysis</u>

### A. <u>Legal Standard</u>

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.  <u>Jackson v. BellSouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.")

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

> the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action
> will not do.  Factual allegations must be enough to
> raise a right to relief above the speculative
> level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal
citations and quotation marks omitted).  Further, courts are
not "bound to accept as true a legal conclusion couched as a
factual allegation." Papasan v. Allain, 478 U.S. 265, 286
(1986).

   B. **Tampa Police Department**

   The Tampa Police Department, as an integral part of the
city government and the vehicle through which the city
fulfills its policing function, is not a legal entity and
therefore can not be sued.  Dean v. Barber, 951 F.2d 1210,
1214-15 (11th Cir. 1992); Jones v. Collier Cnty. Sheriff's
Dep't, 1996 WL 172989 at *2 (M.D. Fla. 1996), Post v. City of
Fort Lauderdale, 750 F. Supp. 1131, 1132-33 (S.D. Fla. 1990).
Florida state-law governing the capacity to be sued, which is
binding on this Court pursuant to Federal Rule of Civil
Procedure 17(b), is in accord on this issue. Fed. R. Civ. P.
17(b)("[c]apacity to . . . be sued is determined . . . by the
law of the state where the court is located. . . ."); Fla.
City Police Dep't v. Corcoran, 661 So. 2d 409, 410 (Fla. 3d

3

DCA 1995).

**C. <u>Authority to Sue</u>**

The complaint was submitted and signed by Ms. Martin, who is neither the plaintiff in this case nor an attorney licensed by the Florida Bar.  (Doc. #1).  While Mr. Miller may prosecute his claims pro se, "that privilege is personal to him" as a party to this case.  28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); <u>McShane v. U.S.</u>, 366 F.2d 286, 288 (9th Cir. 1966) (citations omitted).

In other words, Mr. Miller may not allow a non-attorney to exercise that privilege on his behalf, even through a power of attorney. "[A] power of attorney may not be used to circumvent state law prohibitions on the unauthorized practice of law." <u>Jacox v. Dep't of Defense</u>, No. 5:06-cv-182, 2007 U.S. Dist. LEXIS 1871 at *4 (M.D. Ga. 2007).  This rule applies regardless of whether the non-lawyer representative possessing the power of attorney is a family member of the pro se party.  <u>See</u> <u>Osei-Afriyie v. Med. Coll. of Pa.</u>, 937 F.2d 876, 882-83 (3d Cir. 1991); <u>see</u> <u>also</u> <u>Meeker v. Kercher</u>, 782 F.2d 153, 154 (10th Cir. 1986).

**D. <u>Pleading Rules</u>**

Finally, this complaint fails to comply with applicable

pleading standards. Among other requirements, the Federal Rules of Civil Procedure dictate that a complaint must contain a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8; Siever v. BWGaskets, Inc., 2009 WL 528624 at *2. Additionally, pursuant to Federal Rule of Civil Procedure 10, the complaint must contain a specific caption and title and state its claims in numbered paragraphs. Fed. R. Civ. P. 10. The complaint fails to satisfy these requirements.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Tampa Police Department's Motion to Dismiss (Doc. # 8) is GRANTED and this case is dismissed without prejudice.

(2) If he so desires, Tremayne Miller may file an amended complaint by August 15, 2010. If an amended complaint is not filed by that date, the Clerk of the Court is directed to close this matter.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>21th</u> day of July, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record