FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

10 NOV -1  AM 11: 51

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

TREMAYNE MILLER,
    Plaintiff,

v.                                          CASE NO: 8:10-cv-487-T-33EAJ

CITY OF TAMPA
    Defendant,

## I. AMENDMENT

This matter comes before the Court to amend defendant from Tampa Police Department to City of Tampa. Since the Tampa Police Department is an integral part of the City government used as a vehicle through which it fulfills its policing function, it can not be an entity subject to suit. See change above.

## II. PLEADING/ALLEGATIONS

I, Tremayne Miller, suffered damages, economic and non-economic, as a result of the acts and omissions of the Tampa Police Department and one or more of Officer Michael C. Johnson, his supervisors, and assisting officers. The aforementioned law enforcement officers committed a number of crimes and constitutional violations against me, under Federal and State law at and around the then Howard Johnson Motel located at 2520 N. 50th Street, Tampa, Florida on February 22, 2006. I was seriously and

permanently physically injured and have been traumatized by the experience. I still suffer its effects.

The deliberate and indifferent failures to follow set forth guidelines and legal precedent by the above mentioned law enforcement officers resulted in a number of violative acts and breaches, including, but not limited to assault,

battery, 4th Amendment violation by illegal use of excessive force, false imprisonment/false arrest(tort), 5th Amendment violation Due Process rights guaranteed, 14th Amendment violation of my bodily integrity and bodily privacy, and 8th Amendment prohibiting cruel and unusual punishment. Firing upon me engaging in legal conduct during the course of a botched drug sting, the indiscriminately use of deadly force against me, and the lack of probable cause to arrest me are the crimes and violations that have resulted in tragic and permanent mental and bodily injuries to me. The record, including those documents prepared by the officers and my medical providers provides convincing proof of the violations by the officers and the damages suffered by me. Officer Michael C. Johnson did not give me any opportunity to discover that he was a Tampa Police officer. He acted negligently by failing to identify himself as an officer. I felt threatened for my life. I though I was about to be robbed. Therefore my intent was not to

endanger the life of an unidentified officer but to preserve my life by driving away. Instead I was ambushed by a hail of gunfire from an assailant unknown to me. Not knowing I had inadvertently been caught up in the middle of a sting operation, I did not deserve to be fired upon for no excusable reason. An abbreviated summary of the events constituting the violations are set forth below.

### III. LEGAL BASES

A public official's reasonable application of the prevailing law would lead him to conclude that to abuse any one of a number of kinds of authority for the purpose of one's own pretext would violate the Equal Protection Clause. *Johnson v. Martin,* 195 F.3d 1208(10th Cir. 1999). Liability for such abuse under the 14th Amendment is generally based on some authority the

defendant has over a victim. *David v. City and County of Denver,* 101 /f,3d 1344(10th Cir. 1996). Clearly, the authority of a police officer caused my trust in the police not to shoot persons on the street without clearly identifying their intent or their identity as law enforcement officers. The City's and Tampa Police Department's chain of command should reasonably

have understood their conduct in failing to train, monitor, and correct such

highly illegal behaviors by the department and the police officers, endangered the 4th Amendment rights of citizens including myself, so supervisor claims of qualified immunity would be of no avail under the facts present. *Camilo-Robles v. Hoyos,* 151 F.3d 1 (1st Cir. 1998).

Any battery by a police officer constitutes a substantive due process violation of bodily integrity. *Rogers v. City of Little Rock,* 152 F.3d 790 (8th Cir. 1998). Evidence of Tampa police officers' abuse is admissible to demonstrate plan, motive, opportunity, intent, pattern, etc. *Griffin v. City of Opa-Locka,* 261 F.3d 1295 (11th Cir. 2001). Courts will not view an assault in isolation or ignore a pattern of wrongful conduct leading up to the assault in making its color of law determination. Officers' interactions with members of the public constitute an indivisible, ongoing series of events. *Id.* To be clear, there is a well-established right to privacy in one's body, regardless of whether that right is established through the 4th Amendment or the 14th Amendment. *Poe v. Leonard,* 282 F.3d (2nd Cir. 2002). The officers' acts were intentionally harmful not only in the assault and battery and the intentional shooting, but also as indicated by the lying and false affidavits, as well as failure to accurately and completely report the truth of the matter. Police supervisors are not entitled to qualified immunity, regardless of whether or not they act in bad faith where there is evidence

officers presented a serious risk of harm to the public, and the department was aware of the practices but failed to take steps within their power to reduce or prevent that risk. *Barney v. Pulsipher*, 143 F.3d 1299 (10th Cir. 1998), *Camilo-Robles v. Hoyos*, 151 F.3d 1 (1st Cir. 1998).

## IV. NATURE OF THE CLAIMS

Office Michael C. Johnson and other officers placed themselves in a purported zone of danger without identifying themselves to me as law enforcement officers. Failure to comply with legal procedures is a crime of omission. After removing himself from the alleged zone of danger and demonstrating a lack of training and supervision, Officer Michael C. Johnson wildly discharged his weapon in the direction of my vehicle when his life was clearly not in danger and when I had committed no crime. Where Officer Michael Johnson states he was shooting at me *from the side* of my vehicle, he nonsensically claims he did so out of fear of being run over by my vehicle while it was traveling perpendicularly away from Officer Michael Johnson, and not toward him. Officer Michael Johnson's reckless disregard and violative acts are highlighted by the fact that several bullets were fired into the hotel rooms where guests are normally located. These serious dangers and identifiable faults and violations are dismissed in the various investigative reports that are a part of the record of the shooting.

It is therefore more than reasonable to presume that had an innocent occupant been injured or killed, the investigative reports would have necessarily included the prescribed necessary catch phrases and false assertions mixed in a number of true facts so as to serve as a pretext to justify the hit. I and other citizens should be *safe* in the presence of police officers, not victims of the department's custom of protecting officers who use excessive force, violate the public's constitutional rights, and spray bullets indiscriminately about a public place of business. To merely encounter an officer in a public

place should not equate to any officer falsely arresting, imprisoning, maliciously prosecuting, abusing the legal process, assaulting and/or battering, or even attempting to kill innocent citizens as acceptable "collateral damage" who in some way accidentally encounter law "enforcement" officers playing cops and robbers with real guns and bullets.

## V. MOTION

Besides multiple, painful gunshot wounds, I suffered humiliation, embarrassment, expense, permanent physical injury, loss of income as a result of the assault, battery, excessive force, false arrest/imprisonment, abuse of process, malicious prosecution, and other violations against me. Finally, like many victims of crime, due to my permanent injuries, I am not

only significantly restricted in my physical activity, but I have suffered severe emotional and mental damages. I also continue to suffer from symptoms of post-traumatic stress by withdrawing into seclusion and being unable to go out in public for fear of being shot for no reason. This complaint is submitted for review by the Court. The officers' actions were completely unjustified.

Ultimately, I have suffered gross constitutional and state law violations as well as horrific physical and emotional injury and just compensation is appropriate. Accordingly, based on the well documented findings, other witnesses, and the officers own perjurious statements, I hereby make formal demand for the City of Tampa to tender $200,000.00 in relief within 60 days to satisfy my outstanding claims for the constitutional violations of my civil rights and damages.

**Signed Tremayne Miller**
**Plaintiff**

cc: City of Tampa