UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREMAYNE MILLER,

       Plaintiff,

v.                              Case No.:  8:10-cv-487-T-33EAJ

CITY OF TAMPA,

       Defendant.

_____/

**ORDER**

This matter comes before the Court pursuant to the City of Tampa's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. # 16), filed on November 4, 2010. Plaintiff's construed response in opposition was filed on December 2, 2010. (Doc. # 18). For the reasons that follow, the Court grants the Motion and dismisses this case without prejudice.

**I.    Background and Procedural History**

Pro se Plaintiff Tremayne Miller filed suit in this Court against the Tampa Police Department via a letter from his mother dated February 22, 2010. Mr. Miller alleges that he has suffered permanent physical injuries, humiliation, embarrassment, expense and loss of income as the result of the conduct of Officer Michael C. Johnson, his supervisors and assisting officers. The basis for these claims is an incident that occurred on or about February 22, 2006, at the Howard Johnson Motel on 50th Street in Tampa, Florida, where Mr.

Miller allegedly was shot during a botched drug sting. The letter alleges violations of the Fourth, Fifth, Eighth and Fourteenth Amendments, various torts, and failure to train, discipline and supervise.

The Tampa Police Department filed its Motion to Dismiss (Doc. # 8) on May 18, 2010, on the grounds that it is not an entity subject to suit, that the complaint violated Federal Rules of Civil Procedure 8 and 10, and that the suit was not filed by the pro se Plaintiff or an attorney. The Court granted the motion on July 21, 2010 (Doc. # 11), dismissing the case without prejudice.

Mr. Miller filed his Second Amended Complaint (Doc. # 15) on November 1, 2010, incorporating some of the language from his mother's letter along with case law and legal analysis. The Complaint substitutes the City of Tampa as Defendant, but alleges essentially the same claims as the letter/complaint. (Id.).

The City filed its Motion to Dismiss (Doc. # 75) on November 24, 2010. Mr. Miller's construed response in opposition was filed on December 2, 2010. (Doc. # 18). The motion is ripe for review.

## II.  **Standard of Review**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint.  Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.") However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. **Analysis**

Mr. Miller's Second Amended Complaint alleges violations of the Fourth, Fifth, Eighth and Fourteenth Amendments along

3

with various state-law tort claims. The City argues that the Complaint should be dismissed in its entirety for violations of Federal Rules of Civil Procedure 8 and 10, and failure to state a cause of action under federal or state law. (Doc. # 16). Moreover, the City contends that liability against the City cannot attach for the alleged Fourth Amendment violations and certain state-law tort claims. (<u>Id.</u> at 5).

A.   **<u>Fourth Amendment Claim</u>**

Mr. Miller alleges that Tampa law enforcement officers[1] violated his Fourth Amendment rights through the use of excessive force, conduct that arose in part from the Tampa Police Department's failure to properly train and supervise its officers. (Doc. # 15 at 2-3). The City argues that even if excessive force was used, the City cannot be held vicariously liable for the tortious conduct of its employees under 42 U.S.C. § 1983.

A plaintiff may bring suit against municipalities and other local governmental bodies for constitutional violations pursuant to § 1983. <u>Monell v. N.Y. City Dept. of Soc. Servs.</u>, 436 U.S. 658, 689 (1978). However, municipalities cannot be

---

[1] In his Second Amended Complaint, Mr. Miller asserts that Officer Michael C. Johnson, his supervisors and assisting officers were involved in the alleged incident. However, only the City of Tampa is named as Defendant in this suit.

4

held liable for the actions of its employees on the basis of the employer-employee relationship alone. Id. at 692. A plaintiff must show that the municipality, "through its deliberate conduct, . . . was the 'moving force' behind the injury alleged." Bd. of Co. Comm'rs of Bryan Co. Okla. v. Brown, 520 U.S. 397, 404 (1997) (explaining that Monell and its progeny require the plaintiff to identify a widespread "policy" or "custom" of the municipality that resulted in the plaintiff's injury) (emphasis in original).

An inadequate training program can be the basis for § 1983 liability in limited circumstances where the municipality adhered to an approach that failed to prevent tortious conduct by employees. Id. at 407 (citing City of Canton v. Harris, 489 U.S. 378, 387-390 (1989)). A pattern of tortious conduct by employees can show that the lack of proper training constituted the "moving force" behind the plaintiff's alleged injury. Id. at 407-408; see also Lewis v. City of W. Palm Beach, Fla., 561 F.3d 1288 (11th Cir. 2009).

In deference to Mr. Miller's *pro se* status, the Court has read his Complaint with special care. See Albra v. Advan, Inc., 490 F. 3d 826, 829 (11th Cir. 2007) (holding that *pro se* pleadings are entitled to liberal construction). However, Mr. Miller points to no evidence of a policy, custom or program

5

suggesting that the City was the "moving force" behind his injuries. Instead he alleges a single instance of excessive force by a particular officer and those assisting him. The Court therefore finds that the City cannot be held vicariously liable for the officers' actions.

B.  **Remaining Constitutional Claims**

The City asserts the Mr. Miller's Due Process claims under the Fifth and Fourteenth Amendments must be dismissed for failure to state a cause of action. The Due Process Clause of the Fifth Amendment applies to acts of the federal government, not to states or state subdivisions such as the City of Tampa; Mr. Miller has named only the City as Defendant. The Due Process Clause of the Fourteenth Amendment provides no remedy for false arrest and malicious prosecution - such claims must be brought under the Fourth Amendment.[2] Albright v. Oliver, 510 U.S. 266, 266 (1994). Thus, the court finds that Mr. Miller has failed to state a claim entitled to relief under the Fifth or Fourteenth Amendments.

---

[2] Although Mr. Miller states a claim for violation of "bodily integrity," a matter nominally included among traditional Fourteenth Amendment protections, the Court finds that his claim involves excessive force and unlawful arrest. See Albright, 510 U.S. at 272.

The City argues that Mr. Miller's Eighth Amendment claim must also be dismissed for failure to state a cause of action. In order to state a claim for an Eighth Amendment violation, a plaintiff must show that he was a prisoner at the time of the alleged violation, that the alleged deprivations of his rights were so objectively serious as to raise constitutional concerns, and that the prison official was deliberately indifferent to the prisoner's health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Mr. Miller's claim involves events prior to his incarceration and alleges actions by law enforcement officers not prison officials. Thus the Court finds that Mr. Miller has failed to state a claim for relief under the Eighth Amendment.

### C.   **State-Law Tort Claims**

Mr. Miller cites a variety of tort claims, including "but not limited to"[3] assault, battery, false arrest/imprisonment, abuse of process and malicious prosecution. The City argues that those claims fail to state a cause of action.

Mr. Miller may bring each of those claims other than malicious prosecution against the State of Florida or its

---

[3] The City notes that if Mr. Miller intends to bring additional claims, the statute of limitations ran on February 22, 2010.

7

subdivisions pursuant to Fla. Stat. § 768.28; claims against the City for malicious prosecution are barred by § 768.28(9)(a). See Johnson v. State Dept. Health & Rehabilitative Svcs., 695 So. 2d 927 (Fla. 2d DCA 1997) (noting that § 768.28(9)(a) bars claims against the state or its subdivision arising from malicious acts by employees).

Accepting as true all the allegations in the Second Amended Complaint and construing them in the light most favorable to the Plaintiff, the Court finds that Mr. Miller has failed to allege facts sufficient to support these tort claims. Furthermore, Mr. Miller's description of Officer Johnson's behavior as "intentionally harmful" would entitle the City to sovereign immunity pursuant to § 768.28(9)(a). Therefore, the Court finds that Mr. Miller has failed to state a claim for relief under Florida law.

### D.  Pleading Rules

Finally, the City asserts that Mr. Miller's Second Amended Complaint fails to comply with applicable pleading standards. The Federal Rules of Civil Procedure dictate that a complaint must contain a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. The complaint must also contain a

specific caption and title and state its claims in numbered paragraphs. Fed. R. Civ. P. 10.   The Court finds that the Second Amended Complaint fails to satisfy these requirements.

**IV.   Conclusion**

The Court finds that the majority of Mr. Miller's Second Amended Complaint fails to state a cause of action under federal or state law. His Fourth Amendment claim and certain state-law torts claims fail to name a proper defendant subject to suit.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   The City of Tampa's Motion to Dismiss (Doc. # 16) is **GRANTED** and this case is dismissed without prejudice.

(2)   If he so desires, Tremayne Miller may file an amended complaint by August 1, 2011. If an amended complaint is not filed by that date, the Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of July 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record

9